Case 2:22-cv-00261 Document 10 Filed on 05/02/23 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRODERICK DARNELL JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00261 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Broderick Darnell Jones ("Petitioner"), proceeding *pro se*, is a Texas Department of Criminal Justice (TDCJ) inmate currently incarcerated at the Wallace Pack Unit in Navasota, Texas. *See* Doc. No. 1. Petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2254 against Bobby Lumpkin ("Respondent"), challenging his conviction for burglary of a habitation. (Doc. No. 8-8, pp. 4-5.) Respondent filed a motion to dismiss Petitioner's action on timeliness grounds (Doc. No. 9), and Petitioner did not respond. This case, including Respondent's motion to dismiss (Doc. No. 9), has been referred to the undersigned for pretrial case management. For the reasons discussed below, the undersigned recommends that Respondent's motion to dismiss be GRANTED and that Petitioner's action be DISMISSED with prejudice as time-barred. Additionally, the undersigned recommends that a certificate of appealability be DENIED.

*A. Jurisdiction.*

This Court has jurisdiction over this habeas petition pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district in which the petitioner is in custody or in the district in which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d); *Wadsworth v.*

1 / 12

*Johnson*, 235 F.3d 959 (5th Cir. 2000).  In this case, Petitioner was convicted in the 36th District Court of San Patricio County, Texas.  (Doc. No. 9, p. 2.)  San Patricio County is located in the Corpus Christi Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(6).  Thus, this matter is properly before this Court.

### B.  Background.

#### 1.  *Petitioner is convicted in state court.  He does not appeal.*

In December 2020, Petitioner was convicted, after a guilty plea, of committing burglary of a habitation, a second-degree felony.  *See* Doc. No. 8-8, pp. 6-8.  After judicially confessing and stipulating to the evidence against him, Petitioner pleaded guilty.  (Doc. No. 8-4, pp. 3-10.)  Petitioner waived his right to appeal when he pleaded guilty, and he did not attempt to appeal his conviction.  (Doc. No. 8-4, p. 5; Doc. No. 1, p. 3.)  Therefore, his conviction became final on January 29, 2021, upon the expiration of the 30-day period during which he could have filed a notice of appeal.  Tex. R. App. Proc. 41(b)(1); Tex. R. App. Proc. 26.2(a)(1).

On July 19, 2021, Petitioner signed a state habeas petition attacking his convictions; that petition was filed by the San Patricio County District Clerk on July 29, 2021.  *See* Doc. No. 8-8, pp. 10, 25.  Petitioner alleged that he received ineffective assistance of counsel, because his counsel only met with him once before trial and did not attend necessary hearings.  *Id*. at 15-16.  He further claimed that, by the state court's alleged "withholding" a hearing before a magistrate judge, the state court violated his constitutional rights and exercised "excess jurisdiction."  *Id.* at 17-18.  Petitioner also claimed that because he was allegedly never brought before a magistrate judge before his conviction, that his due process rights were violated.  *Id*. at 19-20.  Finally, Petitioner alleged that the Texas Board of Pardons and Paroles was complicit in violating his due

process rights. *Id*. at 21-22. The Texas Court of Criminal Appeals denied Petitioner's habeas action without a written order on November 3, 2021. (Doc. No. 8-8, p. 25; Doc. No. 8-1.)

### 2. Petitioner's current § 2254 action.

Petitioner filed this § 2254 action on or about November 1, 2022.[1] (Doc. No. 1.) Petitioner's action was received and filed by the Clerk of Court on November 7, 2022. *See id*.

In his action, Petitioner alleges three grounds for relief. In Ground One, Petitioner asserts that he received ineffective assistance of counsel, because his attorney allegedly did not meet with him in person until the day before he was to go to trial and because, according to Petitioner, the state court unreasonably applied the facts in Petitioner's criminal case. (Doc. No. 1, pp. 5-7; Doc. No. 1-1, pp. 2-7.) In Ground Two, he alleges that he did not receive a hearing in front of a magistrate judge to advise him of his rights and the accusations against him, which Petitioner alleges was a violation of his due process rights. (Doc. No. 1, pp. 7-8; Doc. No. 1-1, pp. 7-8.) Ground Three is Petitioner's allegation that "[t]he State's Court [sic] condoned the complete denial of Petitioner's right to be notified of his rights and the charge," *see* Doc. No. 1, pp. 8-9, and that a "denial without written order" demonstrates that the courts think a hearing with a magistrate judge is expendable. (Doc. No. 1-1, pp. 8-9.) Petitioner seeks relief in the form of the following: that his guilty plea be withdrawn, that his convictions be overturned, and that an injunction be ordered "that places the subject cause back to the 'pre-Magistrate stage.'" (Doc. No. 1, p. 15.)

The undersigned ordered service of process. (Doc. No. 5.) Respondent then filed a motion to dismiss, along with certain state court records. (Doc. Nos. 8, 9.) In his motion,

---

[1] Petitioner's action indicates that he deposited his petition in the prison mail system on November 1, 2022. (Doc. No. 1, p. 16.) The prison mailbox rule applies to a petitioner's filing of his state writ application for AEDPA tolling purposes. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

Respondent argues that Petitioner's action is time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and requests that the Court dismiss the petition with prejudice and deny a certificate of appealability. (Doc. No. 9, pp. 1, 4-7.) Petitioner did not file a response to the dismissal motion. Further facts necessary to the disposition of this action are set forth in the discussion below.

### C. Analysis: Petitioner's habeas action is subject to AEDPA and is untimely.

#### 1. Petitioner's action is subject to AEDPA.

Petitioner's action is subject to AEDPA's provisions.[2] AEDPA applies to petitions that are filed after April 24, 1996, AEDPA's enactment date. *See Lindh v. Murphy*, 521 U.S. 320, 323–36 (1997); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Petitioner filed this action on November 1, 2022, challenging his 2020 conviction. *See* Doc. No. 1. Thus, because he filed this action after April 24, 1996, AEDPA's provisions apply.

AEDPA prescribes a one-year limitations period for habeas petitions, starting from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review[3] or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] AEDPA requires exhaustion of a petitioner's claims in state court prior to a federal petition. 28 U.S.C. § 2254(b)(1)(A). It is not clear whether Petitioner has exhausted his claims in state court, but inquiry into exhaustion is unnecessary in this case, because Petitioner's action is untimely. *See Holcombe v. Cain*, No. 13-516, 2013 WL 5506142, at *4 (E.D. La. Oct. 1, 2013) (finding it unnecessary to address petitioner's failure to exhaust because the petition was dismissed with prejudice as time-barred).

[3]
> "[T]he conclusion of direct review occurs when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari. We have further held that if the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when the time for filing a certiorari petition expires."

*Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (internal quotations and citations omitted).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations provision of 28 U.S.C. § 2244(d)(1)(A) applies, unless a different commencement date is prescribed by subsections (B), (C), or (D).

### 2. Petitioner's action is untimely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on December 30, 2020. *See* Doc. No. 8-8, pp. 6-8. Petitioner did not appeal his conviction, so his conviction became final on January 29, 2021, upon expiration of the 30-day period during which he could have filed a notice of appeal. Tex. R. App. Proc. 41(b)(1); Tex. R. App. Proc. 26.2(a)(1).

Because Petitioner's conviction became final on January 29, 2021, his § 2244(d)(1)(A) limitations clock began to run on that day. Thus, the last day for Petitioner to timely file this federal habeas action was January 29, 2022. *See Flanagan v. Johnson*, 154 F.3d 196, 199-202 (5th Cir. 1998). Petitioner filed this § 2254 action on November 1, 2022. (Doc. No. 1.) This is more than one year after January 29, 2021.

Thus, unless one of § 2244(d)(1)'s other provisions prescribed a later start date to the limitations clock, or unless statutory or equitable tolling paused the running of the limitations clock, Petitioner's action is untimely.

### 3. 28 U.S.C. §§ 2244(d)(1)(B)-(D) do not prescribe a different start date for Petitioner's limitations period.

As noted, the limitations provision of 28 U.S.C. § 2244(d)(1)(A) applies, unless a later commencement date is prescribed by subsections (B), (C), or (D). Subsections (B), (C), and (D)

of 28 U.S.C. § 2244(d)(1) do not apply to Petitioner's case. First, Petitioner neither alleges nor demonstrates the presence of any state-created impediment to his filing of his federal petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does Petitioner assert any constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See id*. § 2244(d)(1)(C).

Subsection (D) delays the commencement of the one-year AEDPA limitations period until the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). As one district court has explained, "under [§ 2244(d)(1)(D)], the statute of limitations runs not from when the factual predicate was in fact discovered, but rather from the point in time at which it 'could have been discovered through the exercise of due diligence.'" *Heard v. Cain*, No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007) (emphasis deleted). Petitioner bears the burden of demonstrating his due diligence. *See Matthews v. Louisiana*, No. 18-589-BAJ-EWD, 2021 WL 4484991, at *3 & n.25 (M.D. La. Aug. 18, 2021).

Petitioner fails to meet his burden. First, Petitioner was aware of Grounds One and Two of this federal habeas action almost a full year before filing this petition and litigated them. Both of those grounds – the purported ineffective assistance of counsel and the purported failure of a magistrate judge to advise him of his rights – were contained in Petitioner's July 2021 state habeas petition. (Doc. No. 8-8, pp. 15-16 (ineffective assistance of counsel claim), 17-20 (claims regarding not going before a magistrate judge or receiving an advisement of his rights).) In addition, Petitioner's state habeas petition was denied without written order on November 3, 2021, approximately six months before his filing deadline; this denial forms the basis of Petitioner's claim that Texas courts believe hearings before magistrate judges to be

"expendable," *see* Doc. No. 1-1, p. 6, but Petitioner makes no allegation that he was unaware of that ground prior to his filing deadline. This is fatal, because Petitioner bears the burden of demonstrating that this federal habeas action is timely; in other words, he must show why he was unable to discover the factual predicates at an earlier date. *See Harry v. Day*, No. 21-1269, 2022 WL 821679, at *8 (E.D. La. Feb. 16, 2022), *adopted*, 2022 WL 815272 (E.D. La. Mar. 17, 2022) (citing *Matthews*, 2021 WL 4484991, at *3). Because Petitioner fails to establish why he could not have discovered this factual information sooner, he fails to establish due diligence.

Accordingly, the limitations provision of 28 U.S.C. § 2244(d)(1)(D) does not apply in Petitioner's case, either. Under the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A), then, Petitioner's action is untimely.

### 4. Statutory tolling paused Petitioner's limitations period, but not enough for this action to be timely.

AEDPA's limitations period is tolled during the time a petitioner properly files a state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). This statutory tolling provision does apply in Petitioner's case, because he filed his state habeas application on July 19, 2021, before the AEDPA limitations period would have expired absent tolling on January 29, 2022.

As discussed above, AEDPA's limitations period began to run on January 29, 2021. Thus, unless AEDPA's limitations period was tolled by a properly filed state post-conviction application, *see* 28 U.S.C. § 2244(d)(2), the last day for Petitioner to timely file this federal habeas action was January 29, 2022.

Petitioner tolled AEDPA's limitations period by filing a request for state post-conviction relief. Petitioner did not file a state habeas petition until July 19, 2021, and that petition was denied on November 3, 2021. Petitioner's state habeas filing tolled the statutory limitations period for 107 days, extending his federal filing deadline to May 16, 2022.[4] Therefore, Petitioner's November 1, 2022 petition was late by more than five months.

### 5. *Equitable tolling is not warranted in this case.*

AEDPA's one-year statute of limitations is not a jurisdictional bar; it may be tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (citations omitted). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Id.* at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). At the same time, however, the "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Palacios v. Stephens*, 723 F.3d 600, 604-05 (5th Cir. 2013) (quoting *Holland*, 560 U.S at 653).

The showing of extraordinary circumstances "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490-91 (5th Cir. 2022) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir.

---

[4] Petitioner's federal deadline without equitable tolling would have been January 29, 2022. However, because the period between July 19, 2021 and November 3, 2021, 107 days, did not count as time towards the one-year limitation period, the Court adds 107 days from January 29, 2022—this results in a May 16, 2022 federal deadline. Fed. R. Civ. P. 6(a)(1).

2006) (*per curiam*)). The Fifth Circuit has explained that extraordinary circumstances could exist where a plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (citations omitted); *see also Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). By contrast, "unexplained delays do not evince due diligence or rare and extraordinary circumstances." *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2 (N.D. Tex. Feb. 22, 2022), *adopted*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (citing *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). Indeed, "equity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

      Here, Petitioner does not request application of the equitable tolling doctrine. Nevertheless, he fails to identify any rare or extraordinary circumstance that prevented him from timely filing his petition. No evidence indicates that the State somehow misled Petitioner about the time limitation for filing his federal habeas action, or that some external factor beyond Petitioner's control resulted in his failure to timely file this action. Further, Petitioner did not diligently pursue the filing of this federal action. Again, Petitioner's federal habeas filing deadline (even as extended via statutory tolling) expired on May 16, 2022, and Petitioner did not file his federal petition until more than five months after this deadline passed. *Cf. Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (observing that a petitioner must demonstrate that he or she pursued the habeas petition "with diligence and alacrity both before and after receiving notification" of state court proceedings). This timeline demonstrates a clear lack of diligence.

Additionally, Petitioner cannot successfully rely on his *pro se* status and unfamiliarity with the law to provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."). Indeed, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). For these reasons, the Court concludes that Petitioner has failed to demonstrate diligence or rare and extraordinary circumstances. Accordingly, Petitioner is not entitled to equitable tolling of the limitations period.

### D. Conclusion.

For the reasons explained above, the undersigned concludes that Petitioner's habeas application is untimely under AEDPA. Petitioner cannot rely on any of § 2241(d)'s provisions to extend or toll the statutory period to make Petitioner's November 2022 filing timely. And although AEDPA's one-year statute of limitations is not a jurisdictional bar and may be equitably tolled in "rare and exceptional circumstances," Petitioner has failed to establish the presence of such circumstances. *See Davis*, 158 F.3d at 811. For these reasons, the Court concludes that Petitioner's action is time-barred and must be dismissed.

### E. No certificate of appealability should issue.

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability "may issue … only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This determination requires an overview of the claims in the petition and a general assessment of their merits.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The district court may deny a certificate of appealability without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Here, the undersigned recommends that Petitioner's habeas action be dismissed on procedural grounds.  To qualify for a certificate of appealability, then, Petitioner would need to show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only."  *Mitchel v. Texas*, No. 4:20-CV-1274-Y, 2021 WL 639953, at *1 (N.D. Tex. Jan. 12, 2021).  Reasonable jurists would not find it debatable that the Court was correct in its procedural rulings: the statute of limitations has clearly expired.  Therefore, the undersigned recommends DENIAL of a certificate of appealability.

### F.  *Recommendation.*

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (Doc. No. 9) be GRANTED, that Petitioner's 28 U.S.C. § 2254 habeas petition (Doc. No. 1) be DENIED, and that the case be DISMISSED with prejudice as time-barred.  The undersigned further recommends that Petitioner be DENIED a certificate of appealability.

### G.  *Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and

Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on May 2, 2023.

MITCHEL NEUROCK
United States Magistrate Judge